IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVANUS GREENE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3735 |
| | § | |
| ERIC HOLDER, *et al.*, | § | |
| | § | |
| Respondents.[1] | § | |

## **MEMORANDUM AND ORDER**

Sylvanus Greene (A#438-33-571, former TDCJ #1054798) is presently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. The respondents have filed an answer, arguing that Green is not entitled to relief. [Doc. # 6]. The petitioner has filed a reply. [Doc. # 7]. After considering all of the pleadings, and the applicable law, the Court denies the petition and dismisses this case for reasons that follow.

**I.    BACKGROUND**

Greene is a native and citizen of St. Vincent and the Grenadines. He was admitted to the United States as a lawful permanent resident on July 15, 1993. In July of 2001, however, Greene was convicted of aggravated assault with a deadly weapon and sentenced to eight

---

[1]   Originally, the petitioner filed this suit against United States Attorney General Michael B. Mukasey and other officials. Mukasey has been replaced by Eric Holder. Because the petitioner sues the respondents in their official capacities, the Court substitutes Holder as the proper lead party pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

years of imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). As a result of his conviction and sentence of imprisonment, Greene was placed in removal proceedings during his incarceration.

On May 14, 2002, an immigration judge in Huntsville found that Greene was an alien who had been convicted of an aggravated felony for purposes of Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), and that Greene was subject to removal from the United States for that reason. Based on this finding, a written order of removal was entered against Greene on August 12, 2002. The Board of Immigration Appeals ("BIA") concurred with the immigration judge's finding that Greene was "removable" as the result of his conviction for an aggravated felony and dismissed Greene's appeal on January 31, 2003. Thus, the removal order became final on that date.

Greene was released from TDCJ on or about March 3, 2008, and taken into custody by ICE officials to await his removal. On April 4, 2008, an officer with the Embassy for St. Vincent and the Grenadines acknowledged receipt of a request by ICE for a travel documents to effect Greene's repatriation. Citing the aggravated nature of his underlying offense, ICE officials advised Greene on June 13, 2008, that he would remain in custody pending his removal. A decision was made to continue Greene's detention on August 7, 2008, after the Headquarters Custody Determination Unit determined that efforts were being made to obtain the requisite travel documents.

On October 17, 2008, the Consul General for St. Vincent and the Grenadines advised ICE that Greene had filed an appeal and was attempting to reopen his removal proceeding,

which had been closed since January 31, 2003. Thereafter, on November 12, 2008, ICE officers served Greene with a written warning based on his willful failure to depart or to cooperate with his removal. Included with that written warning was a list of instructions regarding Greene's obligation to assist with the removal process and the ongoing effort to secure the requisite travel documents for St. Vincent and the Grenadines.

Noting that he had been in custody of immigration officials for more than nine months, since March of 2008, Greene filed the pending federal habeas corpus proceeding on December 23, 2008. [Doc. # 1]. In this proceeding, Greene seeks his release from custody under 28 U.S.C. § 2241 on the grounds that his removal is not imminently foreseeable. Greene relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.

The respondents have filed an answer [Doc. # 6],[2] noting that Greene's custody status has been reviewed on two additional occasions since he filed his habeas corpus petition. The Headquarters Custody Determination Unit reconsidered Greene's detention status on January 23, 2009. A decision was made to continue Greene's detention because a request for a travel

---

[2] The Attorney General disputes that he or any of the other officials named in the petition are the appropriate respondents in this habeas corpus proceeding, arguing that Greene should have named the warden in charge of the facility where he is confined. This Court has no information about the warden's identity and the parties do not provide any. Because the respondent's identity does not affect jurisdiction in this instance, the Court does not address the issue further.

document had been made and Greene's removal was expected to occur in the reasonably foreseeable future. On March 16, 2009, the Headquarters Custody Detention Unit again decided to continue Greene's detention, believing that his removal was imminent. On March 18, 2009, however, Consul General for St. Vincent and the Grenadines advised that it would not issue travel documents until the instant habeas corpus litigation had terminated. The respondent argues that, but for this habeas corpus proceeding, there is no impediment to Greene's removal. Because his removal is imminently foreseeable, the respondent argues further that Greene's detention is not unlawful and that he is not otherwise entitled to habeas corpus relief. After considering all of the pleadings and the applicable law, the Court agrees that the petition must be dismissed for reasons set forth below.

## II.  DISCUSSION

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *cert. denied*, 549 U.S. 1132 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); *see Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993). After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). Aliens slated

for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the ninety-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The alien bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In Greene's case, the respondents stipulate that the ninety-day removal period was triggered on March 3, 2008, when Greene was released from state prison and transferred to the custody of immigration officials. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). The respondents concede further that Greene has been detained past the six-month period that was identified by the Supreme Court in *Zadvydas* as a presumptively reasonable time to effect removal. The respondents maintain, nevertheless, that Greene is not eligible for release because he cannot meet his burden to show that there is no significant likelihood of removal in the

5

reasonably foreseeable future. In support, the respondents present an affidavit from a Deportation Officer Jarvis McMillar. [Doc. # 6, Ex. 17].

Officer McMillar, who works for the ICE Travel Document Unit, explains that ICE officers have made consistent efforts to secure a travel document for Greene and that he has personally communicated with the Consul General for St. Vincent and the Grenadines in connection with Greene's case. In a letter dated March 18, 2009, the Consul General advised Officer McMillar that he would await the outcome of Greene's habeas corpus litigation before issuing a travel document. [Doc. # 6, Ex. 16]. Officer McMillar explains that it is normal practice for the government of St. Vincent and the Grenadines not to issue travel documents whenever pending litigation exists. Though they are awaiting the outcome of this habeas case, the Consul General has advised Officer McMillar that there are no other impediments to Greene's removal. Absent any impediments, Officer McMillar contends that a travel document will "issue expeditiously" once the habeas corpus proceeding is concluded. Therefore, based on his extensive experience working directly with the Consul General for St. Vincent and the Grenadines, Officer McMillar insists that Greene's removal is significantly likely to occur within the reasonably foreseeable future.

To prevail under *Zadvydas*, a detainee must not only show that he has been detained beyond the removal period by six months, he must also present proof that there is no significant likelihood of removal in the foreseeable future. Here, it is evident that ICE officials have taken the necessary actions to effect Greene's removal and that travel documents will issue for his return to St. Vincent and the Grenadines. Greene has filed a

reply to the respondent's answer, but he does not allege or show that there is any valid impediment to his prompt removal.[3] Under these circumstances, Greene fails to demonstrate that his continued detention violates *Zadvydas* or the constitution. *See Andrade*, 459 F.3d at 543-44 (concluding that conclusory statements are insufficient to meet an alien's burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention). Accordingly, the petition will be denied and this case will be dismissed. The dismissal will be without prejudice to reinstatement or refiling as a case related to this one if, through no fault of the petitioner, there is no significant likelihood of removal after this proceeding concludes.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the petitioner is not entitled to relief under 28 U.S.C. § 2241. Accordingly, the Court **ORDERS** as follows:

1. The habeas corpus petition [Doc. # 1] is **DENIED**.

2. This case is **DISMISSED** without prejudice.

---

[3] It appears that this habeas corpus proceeding is the only thing standing in the way of his return to St. Vincent and the Grenadines. To the extent that Greene contends that this habeas proceeding poses an impediment to his release in the foreseeable future, he may not use this litigation to thwart a final order of removal or to frustrate the removal process. Indeed, a detainee cannot assert a viable challenge to his indefinite detention under *Zadvydas* where his continued confinement is due to his own actions. *See, e.g., Pelich v. INS*, 329 F.3d 1057, 1060-61 (9th Cir. 2003) (citing and collecting cases in which detainees have failed to cooperate or have attempted to thwart removal efforts). By continuing to maintain this habeas proceeding, which does not concern the validity of his removal order, Greene's actions are tantamount to a refusal to cooperate with his removal and should be treated as such in this instance. *See Balogun*, 9 F.3d at 350-51.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on September 15th, 2009.

_____
Nancy F. Atlas
United States District Judge